# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BOOK HILL CREDIT OPPORTUNITY
FUND II, LLC,

    Plaintiff,

v.

FL MI RE 1, LLC, FL MI RE 8, LLC, FL MI
RE 10, LLC, L&Z WATCHES, INC.,
THOMAS NAFSO, AMMAR KATTOULA,
and TANK PROPERTY ACQUISITIONS,
LLC,

    Defendants.

        No.
        Hon.

_____/

## COMPLAINT

Plaintiff Book Hill Credit Opportunity Fund II, LLC ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants FL MI RE 1, LLC; FL MI RE 8, LLC; FL MI RE 10, LLC; L&Z Watches, Inc. (collectively, the "Borrower Defendants"); Thomas Nafso; Ammar Kattoula; and Tank Property Acquisitions, LLC (collectively, the "Guarantor Defendants" and together with the Borrower Defendants, "Defendants"), states as follows:

## PRELIMINARY STATEMENT

1. This matter arises out of the Borrower Defendants' default of their payment obligations under the Promissory Note dated as of December 30, 2019, as amended by the Allonge and Amendment to Promissory Note dated as of August 13,

2021, and as further amended by the Second Allonge and Amendment to Promissory Note dated as of June 1, 2022, and the Third Allonge and Amendment to Promissory Note dated March 14, 2023, between the Borrower Defendants and Plaintiff (collectively, the "Note"), which is governed, in part, by that certain Term Loan Agreement dated as of December 30, 2019, as amended by that First Amendment to Term Loan Agreement dated effective as of August 13, 2021, that Second Amendment to Term Loan Agreement dated effective as of June 1, 2022, and that Third Amendment to Term Loan Agreement dated effective as of March 14, 2023 (collectively, the "Loan Agreement"). The Guarantor Defendants, who guaranteed the Borrower Defendants' obligations, have likewise failed to meet their obligations pursuant to the December 30, 2019 Guaranty, as ratified, between the Guarantor Defendants and Plaintiff. Plaintiff now seeks to enforce those agreements and the other Loan Documents (as defined below).

## **THE PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is a Delaware limited liability company, and its members are citizens of states other than Michigan.

3. Defendant FL MI RE 1, LLC ("RE 1") is a Michigan limited liability company. Upon information and belief, all of its members are citizens of Michigan.

4. Defendant FL MI RE 8, LLC ("RE 8") is a Michigan limited liability company. Upon information and belief, all of its members are citizens of Michigan.

2

48510525.7

5. Defendant FL MI RE 10, LLC ("RE 10") is a Michigan limited liability company. Upon information and belief, all of its members are citizens of Michigan.

6. Defendant L&Z Watches, Inc. ("L&Z Watches") is a Michigan corporation headquartered and doing business in Oakland County, Michigan.

7. Defendant Thomas Nafso is a citizen of Michigan.

8. Defendant Ammar Kattoula is a citizen of Michigan.

9. Defendant Tank Property Acquisitions, LLC is a Michigan limited liability company. Upon information and belief, all of its members are citizens of Michigan.

10. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the parties are citizens of different states.

11. Venue is proper in this Court under 28 U.S.C. § 1391 because the subject matter of this Complaint is situated in this District.

## FACTUAL ALLEGATIONS

*The Note and the Loan Agreement*

12. Plaintiff agreed to loan the Borrower Defendants $2 million (the "Loan") pursuant to the terms of the Loan Agreement, the Note, and certain other documents evidencing or securing the Loan (collectively, the "Loan Documents"). The Note is attached as **Exhibit 1**, and the Loan Agreement is attached as **Exhibit 2**.

3

48510525.7

13. To induce Plaintiff to make the Loan, the Guarantor Defendants entered into a guaranty, as subsequently ratified (the "Guaranty"), pursuant to which the Guarantor Defendants unconditionally guaranteed, among other things, "full and prompt payment and performance, when due," of all amounts owed under the Loan, Plaintiff's attorneys' fees incurred in collecting against the Guaranty, and every other obligation or liability of the Borrower Defendants. A copy of the Guaranty is attached as **Exhibit 3**.

14. Defendants also executed a Warrant of Attorney to Confess Judgment, as subsequently ratified (the "Warrant"), for the benefit of Plaintiff and in consideration of the financial accommodations made by Plaintiff. A copy of the Warrant is attached as **Exhibit 4**.

15. Pursuant to the Warrant, Defendants agreed that if any of them "has failed to comply with any of [their] Obligations" related to the Loan, then they would "confess judgment against [themselves] and in favor of [Plaintiff], for the outstanding balance then due on the Loan, including interest, late charges, and any costs and attorneys' fees incurred by [Plaintiff] together with any other costs and/or expenses due to [Plaintiff] . . . ." The Warrant defines "Obligations" to mean "any and all covenants, payments, obligations and/or liabilities arising pursuant to the" Loan Documents, including the Note and the Loan Agreement.

16. In connection with, among other things, "administration, modification, collection and enforcement" of the Loan Documents, the Borrower Defendants agreed to pay "legal fees, accounting fees, advances, recording expenses, transfer taxes, other filing and recording fees and taxes, surveys, policies of title insurance and other insurance, examination of title and lien searches, appraisals, expenses of foreclosure, and other similar items."

17. In the event of a default, the Borrower Defendants agreed to pay increased interest, late charges, and "all costs of collection and litigation, including a reasonable attorney's fee," and the Guarantor Defendants agreed to pay "all costs and expenses of collection, including a reasonable attorney's fee, in like manner as if the obligation of [the Borrower Defendants] constituted the direct, primary and sole obligations of Guarantor."

18. RE 1 secured the Loan with a mortgage on the real property commonly known as 21221 West Eight Mile Road, Detroit, Michigan 48219, tax parcel numbers 22-019029.001B, 22-019029.002, and 24-002221("Eight Mile Mortgage" and "Eight Mile Parcels," respectively). Plaintiff is the Mortgagee of the Eight Mile Mortgage.

19. The Eight Mile Mortgage was recorded at the Wayne County Register of Deeds on January 15, 2020.

48510525.7

20. Plaintiff properly filed a UCC Financing Statement to further secure the Eight Mile Mortgage.

21. RE 8 secured the Loan with a mortgage on the real property commonly known as 3720 Washtenaw Ave., Ann Arbor, Michigan 48104, tax parcel number 09-12-02-104-004 ("Ann Arbor Mortgage" and "Ann Arbor Parcel," respectively). Plaintiff is the Mortgagee of the Ann Arbor Mortgage.

22. The Ann Arbor Mortgage was recorded at the Washtenaw County Register of Deeds on September 23, 2021.

23. Plaintiff properly filed a UCC Financing Statement to further secure the Ann Arbor Mortgage.

24. L&Z Watches and RE 10 secured the Loan with a mortgage on the real property commonly known as 3425 and 3423 Plainfield Ave NE, Grand Rapids, MI 49525, tax parcel numbers 41-14-05-230-001 and 41-14-05-230-002 ("Grand Rapids Mortgage" and "Grand Rapids Parcels," respectively).

25. Plaintiff is the Mortgagee of the Grand Rapids Mortgage. The Grand Rapids Mortgage was recorded at the Kent County Register of Deeds on August 17, 2021.

26. Plaintiff properly filed a UCC Financing Statement to further secure the Grand Rapids Mortgage.

### *Defendants Fail to Meet Their Obligations*

27. The Loan Documents obligated the Borrower Defendants to make certain debt service payments on a schedule agreed to by the parties. Defendants also agreed to pay Plaintiff's attorneys' fees in connection with (i) the Second Allonge and Amendment to Promissory Note and the Second Amendment to Term Loan Agreement and (ii) the Third Allonge and Amendment to Promissory Note and the Third Amendment to Term Loan Agreement (the "Amendment Documents").

28. The parties also agreed that the Loan's Maturity Date would be June 1, 2023, and that the Loan plus interest, attorneys' fees, and other costs would need to be paid by that date.

29. The Borrower Defendants failed to make the required debt service payments, as well as to repay the loan by the June 1, 2023 Maturity Date and failed to pay Plaintiff's attorneys' fees per the Amendment Documents.

30. The Borrower Defendants' failure to pay the debt service payment on June 1, 2023, as well as Plaintiff's legal fees incurred in connection with the Amendment Documents constitute Events of Default under Section 7.1(a) of the Loan Agreement, Section 1.3(a) of the First Amendment to Term Loan Agreement, Section 1.3(a) of the Second Amendment to Term Loan Agreement, and Section 1.3(a) of the Third Amendment to Term Loan Agreement.

31.     On June 13, 2023, Plaintiff formally notified Defendants that they were in default under the Loan Documents, in breach of the Guaranty, that Plaintiff was accelerating the Loan, and that Plaintiff would avail itself of all other available remedies.  A copy of the notice of default is attached at **Exhibit 5**.

32.     Following the June 13 notice, Plaintiff discovered that the Borrower Defendants were in breach of the Loan Documents in other ways.

33.     As it concerned the real property securing the Note, the Borrower Defendants represented and warranted that "all federal, state and local taxes . . . which are due and payable, have been paid," and promised they would "pay and discharge promptly all taxes and governmental charges," would notify Plaintiff of any event of default, and would not incur any liens other than permitted liens.  A breach of these promises constitutes a default.

34.     Plaintiff recently discovered that on March 20, 2023, the Washtenaw County Treasurer recorded a Certificate of Forfeiture of Real Property against the Ann Arbor Parcel because RE 8 failed to pay its 2021 property taxes.  The back taxes for the Ann Arbor Parcel were eventually repaid and the property redeemed.

35.     On April 12, 2023, the Kent County Treasurer recorded Certificates of Forfeiture of Real Property against the Grand Rapids Parcels because RE 10 failed to pay its 2022 property taxes.

36. RE 8 and RE 10's failure to timely pay their property taxes and notify Plaintiff of their default are events of default under, and breaches of, the Loan Documents.

## COUNT I – BREACH OF CONTRACT
## NOTE AND LOAN AGREEMENT

37. Plaintiff incorporates by reference the prior allegations as if set forth herein.

38. The Loan Documents are valid, binding, and enforceable contracts.

39. As set forth above, the Borrower Defendants are in default of their obligations to Plaintiff under the Loan Documents.

40. As of June 1, 2023, the outstanding Loan amount due was $1,026,927.71.

41. That amount, together with unpaid interest for a total indebtedness, inclusive of contractually agreed upon costs and attorneys' fees, is greater than $1,500,000, and continues to grow.

42. Plaintiff fully performed its contractual obligations to the Borrower Defendants, demanded payment of their indebtedness, and provided notice of their default.

43. The Borrower Defendants breached the Note, the Loan Agreement, and other Loan Documents (including the Eight Mile Mortgage, Ann Arbor Mortgage, and Grand Rapids Mortgage) by failing to pay the indebtedness to Plaintiff, failing

to timely pay their property taxes, and failing to notify Plaintiff of their default as agreed, and are jointly and severally liable for their default.

44. Pursuant to the Warrant, the Borrower Defendants waived their rights as debtors and confessed judgment upon failure to comply with their obligations "in favor of [Plaintiff], for the outstanding balance then due on the Loan, including interest, late charges, and any costs and attorneys' fees incurred by [Plaintiff] together with any other costs and/or expenses due to [Plaintiff] . . . ."

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the Borrower Defendants, jointly and severally, in a sum to be determined at trial, together with Plaintiff's costs and attorneys' fees incurred in conjunction with the collection of the amounts due under the Loan Documents (including this litigation), interest, and such other relief that the Court deems just.

### COUNT II – BREACH OF CONTRACT
### GUARANTY

45. Plaintiff incorporates by reference the prior allegations as if set forth herein.

46. The Guaranty is a valid, binding, and enforceable contract.

47. As set forth above, the Guarantor Defendants are in default of their obligations to Plaintiff under the Guaranty because they have failed to pay the Borrower Defendants' obligations after the Borrower Defendants defaulted.

48510525.7

48. As of June 1, 2023, the outstanding Loan amount due was $1,026,927.71.

49. That amount, together with unpaid interest for a total indebtedness, inclusive of contractually agreed upon costs and attorneys' fees, is greater than $1,500,000, and continues to grow.

50. Plaintiff fully performed its contractual obligations to the Defendants, demanded payment of their indebtedness, and provided notice of their default.

51. There are no conditions precedent to the Guarantor Defendants' obligations under the Guaranty.

52. Pursuant to the Guaranty, the Guarantor Defendants agreed, without limitation: (1) to unconditionally and absolutely guarantee the full and prompt payment and performance, when due, whether by acceleration or otherwise, all sums payable under the Note, any expenses, including reasonable attorneys' fees, that Plaintiff may pay or incur in collecting such sums, and each and every other obligation or liability of Borrower, and (2) to "pay and/or perform . . . together with all other charges accruing in respect of Borrower's indebtedness under the Note or Loan Documents and all costs and expenses of collection, including a reasonable attorney's fee . . . ."

53.     The Guarantor Defendants breached the Guaranty by failing to pay the Borrower Defendants' indebtedness to Plaintiff as agreed, and are jointly and severally liable for the Borrower Defendants' default.

54.     Pursuant to the Warrant, the Guarantor Defendants waived their rights as debtors and confessed judgment upon failure to comply with their obligations "in favor of [Plaintiff], for the outstanding balance then due on the Loan, including interest, late charges, and any costs and attorneys' fees incurred by [Plaintiff] together with any other costs and/or expenses due to [Plaintiff] . . . ."

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the Guarantor Defendants, jointly and severally, in a sum to be determined at trial, together with Plaintiff's costs and attorneys' fees incurred in conjunction with the collection of the amounts due under the Loan Agreement, interest, and such other relief that the Court deems just.

                              Respectfully submitted,

                              HONIGMAN LLP
                              Attorneys for Plaintiff

                              By: /s/ Gabriel E. Bedoya
                              Gabriel E. Bedoya (P80839)
                              Rian C. Dawson (P81187)
                              2290 First National Building
                              660 Woodward Avenue
                              Detroit, MI 48226-3506
                              (313) 465-7000
                              gbedoya@honigman.com
                              rdawson@honigman.com

Dated:  July 5, 2023